UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALICIA WEISTER and JOSEPH
PETCOFF,                                    Civil No. 15-6763 (NLH/AMD)

       Plaintiffs,

                                   **OPINION**

   v.

THE UNITED STATES POSTAL
SERVICE, THE UNITED STATES OF
AMERICA, DR. WALTER POPRYCZ,
THE PROFESSIONAL ORTHOPEDIC
ASSOCIATES OF SOUTHERN NEW
JERSEY, THE BOROUGH OF
HADDONFIELD, THE STATE OF NEW
JERSEY, OUR LADY OF LOURDES
MEDICAL CENTER, INC.,

       Defendants.

---

**APPEARANCES**:

MITCHELL LEE GOLDFIELD
2 EASTWICK DRIVE
SUITE 201
GIBBSBORO, NJ 08026
    On behalf of plaintiffs

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101
    On behalf of defendants United States Postal Service and
    United States of America

JOHN MICHAEL PALM
LAW OFFICE OF JOHN M. PALM, LLC
HIGH RIDGE COMMONS - SUITE 101
200 HADDONFIELD-BERLIN ROAD
GIBBSBORO, NJ 08026
    On behalf of the Borough of Haddonfield

```
```

```
ASHLEY GAGNON
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
    On behalf of the State of New Jersey

STEVEN DRAKE
DRAKE LAW FIRM, P.C.
P.O. BOX 345
29 NORTH SHORE ROAD
ABSECON, NJ 08201
    On behalf of Dr. Walter Poprycz, M.D. and Professional
    Orthopedic Associates of Southern New Jersey

ANGELLA NICOLE MIDDLETON
WHITE AND WILLIAMS LLP
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002
    On behalf of Our Lady Of Lourdes Medical Center, Inc.
```

**HILLMAN, District Judge**

On September 10, 2013, plaintiff Alicia Weister claims that she suffered injuries when she tripped and fell on a cracked and heaved sidewalk in front of the United States Post Office in Haddonfield, New Jersey.  The next day, Weister received surgery on her injured wrist by Walter Poprycz, M.D. at Our Lady of Lourdes Medical Center.

On September 9, 2015, plaintiff filed the instant action against the United States, the Borough of Haddonfield, the State of New Jersey, Dr. Poprycz, Professional Orthopedic Associates of Southern New Jersey, and Our Lady of Lourdes Medical Center, alleging that she suffered injuries resulting from defendants' negligence.  Weister's husband, Joseph Petcoff, has also asserted

a claim for loss of consortium against these defendants.

The State of New Jersey has moved to dismiss plaintiffs' claims against it because of their failure to comply with the New Jersey Tort Claims Act. The United States defendants and the Borough of Haddonfield have moved for summary judgment in their favor on plaintiffs' claims because of their failure to comply with the Federal Tort Claims Act and the New Jersey Tort Claims Act, respectively.

The NJTCA provides, "No action shall be brought against a public entity or public employee under this Act unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this chapter." N.J.S.A. 59:8-3. A tort claim notice "must be served upon the public entity within 90 days of the accrual of the claim, and failure to do so will forever bar the claimant from recovering against a public entity or public employee." N.J.S.A. 59:8-8. The accrual date under the NJTCA is generally the date on which the alleged tort is committed, Beauchamp v. Amedio, 751 A.2d 1047, 1050 (N.J. 2000), but under N.J.S.A. 59:8-9, a court may allow the late filing of notice if the party makes its motion within one year of the claim accrual date provided: "(1) the claimant seeking to file a late claim shows reasons constituting 'extraordinary circumstances' for the claimant's failure to meet the 90-day filing requirement; and (2) that the defendant(s) are not 'substantially prejudiced

3

thereby,'" id. (citing N.J.S.A. 59:8-9).

Similarly, the Federal Tort Claims Act waives the federal government's immunity from suit for certain tort claims as long as a claimant follows proper claim procedures, including the presentation of a claim to the appropriate federal agency within two years of the alleged negligence. See 28 U.S.C. §§ 2675(a), 2401(b). McNeil v. U.S., 508 U.S. 106, 113 (1993) (recognizing that the United States waives its sovereign immunity for tort claims only if the FTCA is strictly complied with).

Plaintiffs have not substantively opposed defendants' motions. They state that they "cannot proffer an opposition" to defendants' motions because their "prior counsel" failed "to file a timely Notice of Claim" with the State, Borough, and United States. (Docket Nos. 29, 33, 39.)

Consequently, because plaintiffs do not dispute that they have failed to comply with the relevant tort claims notice requirements that must be met in order to file suit against these defendants, and because they are precluded from all late-notice remedies to cure those failures, plaintiffs' claims against the State of New Jersey, the Borough of Haddonfield, and the United States must be dismissed.

The effect of the dismissal of the United States as a defendant is that the primary basis for subject matter jurisdiction has been extinguished. When plaintiffs filed their

4

complaint, they averred that this Court had subject matter jurisdiction over their action pursuant to 39 U.S.C. § 409(a), 28 U.S.C. § 1339, 28 U.S.C. § 1346(b), 28 U.S.C. § 2401(b), and 28 U.S. Code § 2675.  This is because plaintiffs named the United States as a defendant.  See 28 U.S.C. § 1346(b)(1) (providing that the federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").  Plaintiffs also averred that the Court had supplemental jurisdiction over their claims against the non-federal defendants pursuant to 28 U.S.C. § 1367.  Because the Court must dismiss the claims against the United States, there is no longer a basis for federal jurisdiction.  The only remaining claims are state law claims against non-diverse parties.[1]  Therefore, the Court must determine whether to continue

---

[1] During the pendency of defendants' motions, plaintiffs filed an amended complaint to assert legal malpractice claims against their prior counsel.  With the dismissal of plaintiffs' claims against the governmental entities, plaintiffs' case now concerns only state law-based professional negligence claims against medical providers and attorneys.

to exercise supplemental jurisdiction over the remaining claims.

"[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.  Where the original federal jurisdiction claim is proceeding to trial, however, such considerations will normally counsel an exercise of district court jurisdiction over state claims based on the same nucleus of operative facts unless the district court can point to some substantial countervailing consideration."  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citations omitted).

In their brief letter responses to the government defendants' motions, plaintiffs did not address the subject matter jurisdiction issue that has resulted from the dismissal of the United States as a defendant.  Even though there is a strong presumption against the Court continuing to exercise jurisdiction over the matter, the Court will provide plaintiffs with the opportunity to show cause as to why their case should not be dismissed for lack of subject matter jurisdiction.

An appropriate Order will be entered.


Date:  May 23, 2016                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.