```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALICIA WEISTER and JOSEPH PETCOFF, | Civil No. 15-6763 (NLH/AMD) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| THE UNITED STATES POSTAL SERVICE, THE UNITED STATES OF AMERICA, DR. WALTER POPRYCZ, THE PROFESSIONAL ORTHOPEDIC ASSOCIATES OF SOUTHERN NEW JERSEY, THE BOROUGH OF HADDONFIELD, THE STATE OF NEW JERSEY, OUR LADY OF LOURDES MEDICAL CENTER, INC., | |
| Defendants. | |

**APPEARANCES**:

MITCHELL LEE GOLDFIELD
2 EASTWICK DRIVE
SUITE 201
GIBBSBORO, NJ 08026
    On behalf of plaintiffs

STEVEN DRAKE
DRAKE LAW FIRM, P.C.
P.O. BOX 345
29 NORTH SHORE ROAD
ABSECON, NJ 08201
    On behalf of Dr. Walter Poprycz, M.D. and Professional
    Orthopedic Associates of Southern New Jersey

ANGELLA NICOLE MIDDLETON
WHITE AND WILLIAMS LLP
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002
    On behalf of Our Lady Of Lourdes Medical Center, Inc.

**HILLMAN**, District Judge

WHEREAS, on September 9, 2015, plaintiffs, Alicia Weister and her husband Joseph Petcoff, filed the instant action against the United States, the Borough of Haddonfield, the State of New Jersey, Dr. Poprycz, Professional Orthopedic Associates of Southern New Jersey, and Our Lady of Lourdes Medical Center, alleging that they suffered injuries resulting from defendants' negligence arising from Ms. Weister's September 10, 2013 trip-and-fall incident on the sidewalk outside the United States Post Office in Haddonfield, New Jersey; and

WHEREAS, on May 23, 2016, this Court granted the substantively unopposed motions of defendants, the State of New Jersey, the Borough of Haddonfield, and the United States, for the dismissal of plaintiffs' claims because of their failure to comply with the New Jersey Tort Claims Act and the Federal Tort Claims Act, respectively; and

WHEREAS, in the Court's Opinion, the Court observed that the dismissal of the United States as a defendant extinguished the primary basis for subject matter jurisdiction,[1] and that the only

---

[1] When plaintiffs filed their complaint, they averred that this Court had subject matter jurisdiction over their action pursuant to 39 U.S.C. § 409(a), 28 U.S.C. § 1339, 28 U.S.C. § 1346(b), 28 U.S.C. § 2401(b), and 28 U.S. Code § 2675.  This is because plaintiffs named the United States as a defendant.  See 28 U.S.C. § 1346(b)(1).  Plaintiffs also averred that the Court had supplemental jurisdiction over their claims against the non-federal defendants pursuant to 28 U.S.C. § 1367.

2

remaining claims are state law claims against non-diverse parties; and

    WHEREAS, the Court noted, "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so," Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citations omitted); 28 U.S.C. § 1367; and

    WHEREAS, the Court found that because plaintiffs did not address the subject matter jurisdiction issue in their letter responses to defendants' motions, the Court would provide plaintiffs with the opportunity to show cause as to why their case should not be dismissed for lack of subject matter jurisdiction; and

    WHEREAS, plaintiffs having responded to the Court's Order (Docket No. 48), wherein they agree that there is no longer federal jurisdiction because the United States has been dismissed from the matter, and they request that the case be remanded to New Jersey Superior Court; but

    WHEREAS, a federal court cannot remand an action to state court unless it was removed to federal court from state court, see Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc., 999 F.2d 745, 750-51 (3d Cir. 1993) ("When a court determines that it

lacks subject matter jurisdiction, the substantive rights of the litigants differ depending on whether they are parties to a case originally filed in federal court or parties to a case which was removed from state court. Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites.");

Therefore,

IT IS on this   6th    day of   July    , 2016

ORDERED that plaintiffs' complaint be, and the same hereby is, dismissed for lack of subject matter jurisdiction.


                                    s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

4